UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY LAMONT SMITH,

        Petitioner,                  Case Number: 08-CV-12567

v.                                         HONORABLE AVERN COHN

NICK LUDWICK,

        Respondent.
_____/

## ORDER
## DENYING PETITIONER'S "MOTION FOR REMAND FOR NEW TRIAL OR HEARING UNDER *PEOPLE V. GINTHER*"
## AND
## DENYING WITHOUT PREJUDICE PETITIONER'S "MOTION FOR APPOINTMENT OF COUNSEL"

I.

This is a habeas case under 28 U.S.C. § 2254.  Petitioner Roy Lee Brown (Petitioner) is incarcerated pursuant to state court convictions for assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and possession of a firearm during the commission of a felony.  Petitioner has filed a petition for a writ of habeas corpus challenging these convictions.  Before the Court are Petitioner's "Motion for Remand for New Trial or Hearing Under *People v. Ginther*" and "Motion for Appointment of Counsel."  For the reasons that follow, the motions will be denied.

II.

In his first motion, Petitioner seeks a remand to the trial court for a new trial or for an evidentieary hearing regarding his ineffective assistance of counsel claims.  The pending habeas corpus petition did not originate in state court.  Therefore, the Court

may not remand the matter to state court. See 28 U.S.C. §§ 1447, 1448 (failing to provide for remand of complaints originally filed in district court); *Reynolds v. Harris-Spicer*, No. 1:05-CV-527, 2007 WL 1657406, * 4 (W.D. Mich. June 07, 2007) (holding it would be "improper" for federal court to "remand" to state court a matter that originated in federal court).

Petitioner also has filed a motion for appointment of counsel. There exists no constitutional right to the appointment of counsel in civil cases, and the court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Here, the interests of justice do not require appointment of counsel at this time.

III.

Accordingly, Petitiner's "Motion for Remand for New Trial or Hearing Under *People v. Ginther*" is **DENIED** and Petitioner's "Motion for Appointment of Counsel" is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**.


Dated:  January 7, 2009                     s/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

**08-12567 Smith v. Ludwick**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Jeffrey Smith, 180654, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, January 7, 2009, by electronic and/or ordinary mail.

       s/Julie Owens
Case Manager, (313) 234-5160