UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFERY SMITH,

        Petitioner,               Case Number: 2:08-CV-12567

v.                                     HONORABLE AVERN COHN

NICK LUDWICK,

        Respondent.
_____/

# MEMORANDUM AND ORDER
# DENYING PETITION FOR WRIT OF HABEAS CORPUS
# AND
# DENYING CERTIFICATE OF APPEALABILITY

## I. Introduction

This is a habeas case under 28 U.S.C. § 2254. Petitioner Jeffery Smith (Petitioner) is a state prisoner incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, pursuant to state court convictions for assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and felony firearm. Petitioner has filed a petition for a writ of habeas corpus claiming that (1) his right to file a successive motion for relief from judgment was violated, (2) the circuit court lacked jurisdiction, and (3) he was denied his right to the effective assistance of trial and appellate counsel. Respondent, through the Attorney General's office, argues that the petition should be denied as untimely. The Court agrees. The reasons follow.

## II. Background

Petitioner pleaded no contest in Muskegon County Circuit Court to assault with intent to do great bodily harm less than murder, felon in possession of a firearm, and

felony firearm.  On December 22, 2003, Petitioner was sentenced to 152 months to 25 years' imprisonment for the assault conviction, 6 months to 25 years' imprisonment for the felon-in-possession conviction, and two years' imprisonment for the felony-firearm conviction.

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The Michigan Court of Appeals denied the application for leave to appeal.  People v. Smith, No. 259726 (Mich. Ct. App. Feb. 17, 2005).  Petitioner sought leave to appeal in the Michigan Supreme Court, which was denied on October 31, 2005.  People v. Smith, 474 Mich. 899 (2005) (Table).

On June 12, 2006, Petitioner filed a motion for relief from judgment in the trial court.  The motion was denied on August 2, 2006.  People v. Smith, No. 02-048295-FC (Muskegon County Cir. Ct. Aug. 2, 2006).  Petitioner's motion for reconsideration was also denied.  Id.  (Sept. 1, 2006).

On May 3, 2007, Petitioner filed a second motion for relief from judgment in the trial court.  The trial court denied the motion because Petitioner did not satisfy the prerequisites for fling a successive motion for relief from judgment.  Id.  (May 25, 2007).

Petitioner then filed a delayed application for leave to appeal in the Michigan Court of Appeals.  The court of appeals dismissed the application for lack of jurisdiction because the denial or rejection of a successive motion for relief from judgment is not appealable.  People v. Smith, No. 281251 (Mich. Ct. App. Nov. 21, 2007).

Petitioner then filed the pending petition for a writ of habeas corpus on June 10, 2008.

III. Analysis

A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. (d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. Isham v. Randle, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner's time for filing a petition for a writ of certiorari in the United States Supreme Court began to run on November 1, 2005, the day after the Michigan Supreme Court denied leave to appeal his conviction. Bronaugh v. Ohio, 235 F.3d 280, 284-85 (6th Cir. 2000) (citing Supreme Court Rule 30 which states that in calculating the ninety-day window for filing a petition for writ of certiorari, "the day of the act, event, or default from which the designated period begins to run is not included"). The ninety-day period during which Petitioner could petition for a writ of certiorari concluded on January 29, 2006.

Accordingly, the limitations period commenced on January 30, 2006. Petitioner filed a motion for relief from judgment in the trial court on June 12, 2006. That motion, a properly filed motion for collateral review, tolled the limitations period, after 133 days had elapsed. The motion was denied on August 2, 2006, and a motion for

reconsideration was denied on September 1, 2006.

A motion for post-conviction relief is considered "pending" during the time between a lower state court's decision and the filing of a notice of appeal to a higher state court on collateral review. See Carey v. Saffold, 536 U.S. 214, 219-20 (2002). While Petitioner did not appeal the denial of his motion for relief from judgment, the petition was still "pending" for purposes of § 2244(d)(2) during the one-year period in which Petitioner could have filed an application for leave to appeal in the Michigan Court of Appeals. See Martin v. Wilson, No. 03-4161, 2004 WL 1801342, at *1 (6th Cir. Aug.11, 2004); see also Mich. Comp. Laws § 7.205(F). The limitations period resumed running on September 1, 2007, when the time for filing an application for leave to appeal to the Michigan Court of Appeals expired.[1] The limitations period continued to run, uninterrupted, until it expired on April 20, 2008. The pending petition was filed on June 10, 2008, after the expiration of the one-year limitations period. As such, it is untimely.

Petitioner, however, argues that the filing of a second motion for relief from judgment on May 3, 2007, served to toll the limitations period. This argument is misplaced. The second motion for relief from judgment was not properly filed for purposes of 28 U.S.C. § 2244(d)(2) because the state court deemed it a successive, impermissible motion for relief from judgment. Under Michigan Court Rule 6.502(G),

---

[1] Respondent argues that the time for filing an application for leave to appeal to the Michigan Court of Appeals was not extended by the filing of a motion for reconsideration and ran from the date the motion for relief from judgment was denied, rather than the date the motion for reconsideration was denied. The Court need not decide this issue as the petition is untimely even assuming the time for filing ran from the later date.

unless there has been a retroactive change in the law or newly discovered evidence that was not discoverable before the filing of the first motion, "one and only one motion for relief from judgment may be filed with regard to a conviction." Mich. Ct. R. 6.502(G). If a state application is not properly filed, it does not toll the limitations period. Artuz v. Bennett, 531 U.S. 4, 9 (2000). The Michigan courts held that Petitioner's motion for relief from judgment did not satisfy the standard for the "newly discovered evidence" exception to the ban on successive motions. Under state law, the motion was not properly filed and, therefore, did not toll the limitations period.

Additionally, Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. That Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware limitations period does not warrant tolling. Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991) (holding "ignorance of the law is not sufficient to warrant equitable tolling"). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

## IV. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find

5

the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court declines to issue a COA.

V. Conclusion

For the reasons stated above, the petition was not filed within the applicable one-year limitations period and that equitable tolling is not warranted.

Accordingly, the petition is DENIED and the matter is DISMISSED. A COA is also DENIED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was mailed to Jeffrey Smith, 180654, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 and the attorneys of record on this date, March 24, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160